UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:08-cr-125-TAV-JEM-3 |
| DAVID C. RUTLEDGE, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court on defendant's pro se motion to amend restitution payments [Doc. 131]. The government responded in opposition [Doc. 135]. For the reasons discussed below, defendant's motion [Doc. 131] is **DENIED**.

On July 27, 2009, defendant pleaded guilty to bank robbery, carjacking, and using a firearm during a crime of violence [Docs. 58, 61]. Defendant was sentenced to a term of imprisonment of 245 months, followed by a 5-year term of supervised release [Doc. 78]. He also was ordered to pay restitution in the amount of $11,517.36 joint and severally with his codefendants pursuant to the Mandatory Victims Restitution Act ("MVRA") [Doc. 78, p. 5]. According to the government, defendant has paid $4,662.47 toward his joint and several restitution obligation and owes a balance of $5,588.95 [Doc. 135, p. 1].

In his motion, defendant asserts that he is about to go on the Inmate Financial Responsibility Program ("IFRP"), a program administered by the Bureau of Prisons [Doc. 131, p. 1]. The "reason for [his] letter is [he is] the only one who has been paying [sic] the restitution" and "that is not right" [*Id.*]. Further, he claims that his monthly

payment increased to $200 because he received funds from his mother and a $1,892.00 stimulus check. According to defendant, he makes $60 per month and cannot afford to pay the $200 [*Id.* at 1–2]. As a result, defendant asks the Court to "stop [his] payment" until his codefendants pay the restitution they owe or "put it to a stop for six months" [*Id.* at 2]. Defendant does not appear to dispute the total amount of restitution ordered by this Court; rather, he asks the Court to intervene and either stop or amend his payment schedule under the IFRP.

Under the MVRA, the Court has authority to adjust defendant's payment schedule pursuant to 18 U.S.C. § 3664(k). Under this section, the Court can order adjustment of a payment schedule if defendant demonstrates, by a preponderance of the evidence, that there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," and that defendant's current economic condition warrants such an adjustment, as the interests of justice require. § 3664(e), (k); *see United States v. Baird*, No. 3:03-CR91, 2009 WL 5170198, at *3 (E.D. Tenn. Dec. 17, 2009). But § 3664(k) only gives the Court authority to adjust or modify the payment *schedule*, not rescind defendant's payment of restitution or reduce his obligation to pay it. *See id.* (emphasis in original) (citations omitted).

Moreover, a defendant raising a challenge under such a program must first exhaust his administrative remedies. *Urbina v. Thomas*, 270 F.3d 292, 295 n.1 (6th Cir. 2001) (noting that "the Bureau of Prisons should be given the opportunity to consider the application of its policy . . . before the matter is litigated in the federal courts"). Indeed,

2

the Bureau of Prisons has defined processes by which a federal prisoner may "seek formal review of an issue relating to any aspect of his confinement." 28 C.F.R. § 542.10. Here, defendant has not indicated that he pursued such remedies; only after exhausting them may he properly litigate his claim in this Court.

Accordingly, defendant's motion [Doc. 131] is premature, and it is **DENIED**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE